**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Martinez, | No. CV-24-02741-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Michele Martinez ("Plaintiff") filed this action against the State of Arizona, Karen Peters in her official capacity as the Director of the Arizona Department of Environmental Quality ("ADEQ"), and four former or current ADEQ employees—Laura Malone, Sowjanya Chintalapati, Leslie Pehoua, and Michael Keyack ("Individual Defendants") (collectively "Defendants") alleging state and federal employment discrimination claims and a claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights. (Doc. 1-5, "Compl."). Defendants seek dismissal of the § 1983 claim (Count V) against all Defendants, except for the First Amendment retaliation claim against Defendant Malone. (Doc. 6, "Mot."). Plaintiff responded (Doc. 7, "Resp."), and Defendants replied (Doc. 10, "Reply"). For the reasons set forth below, the motion will be granted as to the Fourteenth Amendment due process claim and denied as to the First Amendment retaliation claim.

**I.   BACKGROUND**

In her Complaint, Plaintiff alleges the following facts relevant to the claims subject

to the instant motion. Plaintiff began working at ADEQ 2018 as an Administrative Service Officer. (Compl. ¶ 10). During her tenure, Plaintiff reported "unethical and illegal conduct" related to "violations of the procurement code and matters involving sharing of proprietary software of an existing vendor" on the part of certain ADEQ employees (*Id.* ¶ 13, 15, 16). Once ADEQ became aware of the reporting, Plaintiff alleges she was unfairly reprimanded in the manner that follows. (*Id.* ¶ 20).

At some point, Defendants Keyack and Pehoua lowered her score on her performance evaluation despite that they never supervised her. (*Id.* ¶ 14). On April 26, 2023, Defendant Malone verbally reprimanded Plaintiff for being "snippy and argumentative" at a team meeting the previous day. (*Id.* ¶ 26). On August 17, 2023, Defendant Chintalapati advised Plaintiff she was no longer the project manager for the Tier II Project for MyDEQ, effective immediately. (*Id.* ¶ 29). And on September 8, 2023, Plaintiff was called into a meeting with Defendants Malone and Pehoua where she received a letter of reprimand for inappropriate and unprofessional behavior during various meetings between April 2023 and July 2023. (*Id.* ¶ 30). According to Plaintiff, receiving this discipline has rendered her ineligible for "various positions and financial increases with the State of Arizona." (*Id.* ¶ 31).

## II.   MOTION TO DISMISS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555)

(internal quotations omitted).

Defendants argue Count V should be dismissed against all Defendants except for the First Amendment retaliation claim against Defendant Malone because (1) Plaintiff failed to state a Fourteenth Amendment procedural or substantive due process claim and (2) Plaintiff failed to state a First Amendment retaliation claim against Defendants Chintalapati, Pehoua, and Keyack. As a preliminary matter, Defendants moved, and Plaintiff agreed, to dismiss the State of Arizona from Count V and Defendant Peters from the lawsuit.[1] (Resp. at 1). The Court will thus dismiss the parties and analyze Defendants' remaining arguments.

### A. Fourteenth Amendment Due Process

Defendants argue Plaintiff's Fourteenth Amendment substantive and procedural due process claim fails because (1) the actions alleged do not "shock the conscience" and (2) Plaintiff has not identified an applicable property because she was an at-will employee. Plaintiff responds that (1) an evaluation of whether the actions alleged "shock the conscience" is an inappropriate factual determination and (2) Arizona state employment rules confer Plaintiff a property interest in continued employment despite her at-will status. The Court agrees with Plaintiff that a determination of whether the actions alleged "shock the conscience" is factually dense and thus inappropriate at this stage. However, because Plaintiff has not alleged a property interest in continued employment, the Court will grant Defendants' Motion as to the Fourteenth Amendment claim.

The Fourteenth Amendment of the U.S. Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The Due Process Clause provides procedural protections and it also "includes a substantive component that 'provides heightened protection against government interference with certain fundamental rights and liberty interests.'" *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). A procedural due process violation has two elements: "(1) a deprivation of a constitutionally protected liberty

---

[1] Neither a state or an official acting in her individual capacity is a "person" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).

The Due Process analysis involves a two-step process: (1) determining whether Plaintiff had a protected property interest in her continued employment and (2) determining whether, in being deprived of this interest, she received all the process that was due. *Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 331 (9th Cir. 1995). Property interests are created by "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Brewster*, 149 F.3d at 982. "[T]he Court's determination that [Plaintiff] was an at-will employee negates the existence of a property interest in [her] employment." *Clements*, 69 F.3d at 331 (citing *Board of Regents v. Roth*, 408 U.S. 564 (1972)).

Under A.R.S. 41-742(A)(1), beginning in 2012, all new hires in the Arizona State Personnel System "are at will uncovered employees." Plaintiff was hired by ADEQ in 2018. (Compl. ¶ 10). And she admits she is an at-will employee. (Resp. at 8). Plaintiff argues her at-will status does not preempt finding a property interest through her interpretation of the Arizona Administrative Code. Plaintiff's interpretation, however, is misguided. Ariz. Admin. Code § 2-5A-801(C)(2)(b) states that an uncovered (at-will) employee cannot become a covered employee through an involuntary demotion. Instead of creating a property interest, the Code reasserts that "an uncovered employee serves at the pleasure of the appointing authority and may be dismissed at will." Ariz. Admin. Code § 2-5A-801. Thus, Plaintiff's due process claim fails, and will be dismissed with prejudice.

### B. First Amendment Retaliation

A First Amendment retaliation claim requires Plaintiff to allege (1) she engaged in constitutionally protected activity (2) the result of which subjected her to adverse action by an Individual Defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity, (3) substantially causing the adverse action. *Blair v. Bethel*

*Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Speech is constitutionally protected at step one if it involves a matter of public concern and "the employee's interest in expressing [herself] must outweigh the State's interests in promoting workplace efficiency and avoiding workplace disruption." *Brewster*, 149 F.3d at 978. "[F]or adverse, retaliatory actions to offend the First Amendment, they must be of a nature that would stifle someone from speaking out." *Blair*, 608 F.3d at 544 (explaining that the most common adverse actions are punishments that are "regulatory, proscriptive, or compulsory in nature," such as loss of a job, loss of a license, or accusations of criminal activity) (citing *Laird v. Tatum*, 408 U.S. 1, 11, (1972)).

Plaintiff alleges that she was unfairly reprimanded for asserting that, in her view, the contract for a new software program that ADEQ was implementing violated Arizona procurement law and the legacy software provider's intellectual property rights. (Compl. ¶¶ 15-20). Defendants concede that Plaintiff's allegations may be sufficient to state a First Amendment retaliation claim against Defendant Malone because she alleges Defendant Malone verbally reprimanded her and signed the Letter of Reprimand. (*Id.* ¶¶ 26, 30). However, Defendants challenge the sufficiency of Plaintiff's allegations against Defendants Chintalapati, Pehoua, and Keyack. The Court finds Plaintiff has sufficiently alleged a retaliation claim against all Individual Defendants.

In her Complaint, Plaintiff alleges "[h]er score on her evaluation was lowered by Defendants Keyack and Pehoua despite them never supervising her" following Plaintiff's reporting of alleged "unethical and illegal conduct" by ADEQ employees, including the Individual Defendants. (Compl. ¶ 13-14, 16). "A negative performance evaluation may constitute an adverse employment action." *Hooks v. Lockheed Martin Skunk Works*, 14 Fed. Appx. 769, 772 (9th Cir. 2001). Plaintiff's allegations against Defendants Keyack and Pehoua are specific relevant facts which sufficiently state a retaliation claim. Similarly, Plaintiff alleged "Defendant Chintalapati advised [Plaintiff] during an emergency meeting that effective immediately she was no longer the project manager for

the Tier II Project for MyDEQ." (Compl. ¶ 29). The Court finds this allegation sufficiently states a material adversity such that it may likely deter a reasonable worker from making a charge. *See Pearson v. Reynolds Sch. Dist. No. 7*, 998 F. Supp. 2d 1004, 1024 (D. Or. 2014).

\*   \*   \*

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 6) is **GRANTED IN PART** as to the Fourteenth Amendment due process claim in Count V and **DENIED IN PART** as to the First Amendment retaliation claim in Count V.

**IT IS FURTHER ORDERED** Plaintiff's Fourteenth Amendment due process claim in Count V of the Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the State of Arizona is **DISMISSED** from Count V of the Complaint.

**IT IS FURTHER ORDERED** Defendant Karen Peters is **DISMISSED** from the lawsuit.

Dated this 21st day of January, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge